UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In Re:                                                                  Chapter 13

JOHN R. HALE,                                                  Case No.: 15-71021-las

                           Debtor.

----------------------------------------------------------x

# AMENDED MEMORANDUM DECISION AND ORDER[*]

*Appearances:*

                               Raymond W. Verdi, Jr. Esq.
                                *Attorney for the Debtor*
                             116 East Main Street-Suite C
                             Patchogue, New York 11772

Hon. Louis A. Scarcella, United States Bankruptcy Judge

---

[*] This Amended Memorandum Decision and Order clarifies and supersedes the Court's prior Memorandum Decision and Order dated July 30, 2015.

The matter before the Court arises out of the Motion [dkt. no. 15] (the "Motion") filed on May 1, 2015 by John R. Hale (the "Debtor") seeking to re-impose the automatic stay under 11 U.S.C. § 362(a) which terminated, by operation of law, on April 15, 2015. 11 U.S.C. § 362(c)(3)(A). Consideration of the Motion raises two questions. First, whether the automatic stay may be extended or re-imposed after the statutory termination date. Second, whether termination of the automatic stay applies to property of the estate as well as to the debtor. The second question, termination of the automatic stay under section 362(c)(3)(A), puts squarely at issue the conflicting interpretations of the language contained in section 362(c)(3)(A) as to the scope of termination, i.e., does the stay only terminate with respect to the debtor, and property of the debtor or does termination also extend to property of the estate.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012, effective *nunc pro tunc* as of June 23, 2011. Consideration of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G) in which final orders or judgment may be entered by this Court pursuant to 28 U.S.C. § 157(b)(1).

## BACKGROUND AND PROCEDURAL HISTORY

On March 16, 2015, the Debtor filed his present Chapter 13 case. The Debtor previously filed for Chapter 13 relief on August 14, 2014 (case no. 14-73605).[1] The prior Chapter 13 case, in which the Debtor appeared pro se, was dismissed by order of the Court entered on December 22, 2014. Because the Debtor had a pending case dismissed in the one-year period prior to the

---

[1] The Debtor previously filed for relief under Chapter 13 in 2003 (case no. 03-83737), in 2004 (case nos. 04-80799 and 04-85921), and in 2005 (case no. 05-80044).

1

filing of the present case, the automatic stay which is normally triggered by a bankruptcy filing is subject to the repeat-filer provisions of the Bankruptcy Code. Therefore, unless a motion under section 362(c)(3)(B) is made to extend the stay and such motion is heard and granted before the expiration of the 30-day period, the automatic stay under section 362(a) "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). During the period from the filing date, i.e., March 16, 2015, to the statutory termination date of April 15, 2015, the Debtor took no action to have the automatic stay continue beyond that date. Thus, the automatic stay expired on April 15, 2015, the 30th day after the filing of the present Chapter 13 case. 11 U.S.C. § 362(c)(3)(A).

On June 2, 2015, the Court held a hearing on the Motion. The Motion was unopposed but, as acknowledged by the Debtor in the Motion, a motion to extend the automatic stay was not filed by the Debtor nor heard by the Court prior to the expiration of the 30-day period under 11 U.S.C. § 362(c)(3)(A). Failure to file a motion to keep the stay in place within the prescribed time period was the only basis given by the Debtor for the Court to disregard the specific statutory requirements of section 362(c)(3)(A) and enter an order re-imposing the stay. No other factual or legal authority to re-impose the stay under these circumstances was offered by the Debtor.

After review of the Motion and consideration of the arguments of counsel at the June 2 hearing, the Court denied the Motion because it was not filed nor heard within the 30-day period required under section 362(c)(3)(B).[2] Denial of the Motion, however, does not end the inquiry

---

[2] *See In re Tubman,* 364 B.R. 574, 580 (Bankr. D. Md. 2007) ("Section 362(c)(3)(A) is self-executing and serves to terminate the stay 'on the 30th day after the filing of the later case'. Under Section 362(c)(3)(B), if a party in interest desires the continuation of the stay beyond that period, then a motion to extend automatic stay must both be filed and granted 'after notice and hearing completed before the expiration of the 30–day period'").

as there is some controversy, based on the language of section 362(c)(3)(A), whether termination of the stay under section 362(c)(3)(A) applies to property of the estate as well as to the debtor. The Court, therefore, requested further briefing from the Debtor on the scope of the termination of the stay under section 362(c)(3)(A), i.e. does the stay only terminate with respect to the debtor, and property of the debtor or does the termination also extend to property of the estate. On June 23, 2015, the Debtor filed a memorandum of law addressing this issue [dkt. no. 26] (the "Supplemental Brief"). No other party submitted a brief.

On June 30, 2015, the Court held a further hearing in this matter on the limited issue of the scope of termination of the stay under section 362(c)(3)(A). Having considered the Motion, the Supplemental Brief, the arguments of counsel, and for the reasons stated on the record at the June 30 hearing, the Court finds that the automatic stay under section 362(c)(3)(A) only terminated with respect to the Debtor and his property, but not property of the estate. This Memorandum Decision and Order memorializes and is consistent with the Court's findings and rulings at the June 30 hearing.

## DISCUSSION

Pursuant to section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of" most actions against the debtor, the debtor's property and any property of the estate. 11 U.S.C. § 362(a). *See S.E.C. v. Wyly,* 2014 WL 5569363 (S.D.N.Y. November 3, 2014) ("Section 362(a) of the Bankruptcy Code implements an automatic stay on most proceedings to protect property of the estate. The policy of this section is to grant relief to the debtor from creditors and to prevent dissipation of the debtors' assets"). The automatic stay is not permanent and will terminate automatically under section 362(c), by operation of law, when the reason for its imposition no longer applies. Section 362(c) thus

describes when and under what circumstances the automatic stay ends automatically. There are four subsections to section 362(c). Subsection (1) provides that the stay of an act against property of the estate terminates when the property ceases to be property of the estate. 11 U.S.C. § 362(c)(1). Subsection (2) governs automatic termination of the stay as to all acts other than those affecting property of the estate. 11 U.S.C. § 362(c)(2). Subsections (3) and (4) were added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Amendments") as additional grounds for automatic termination of the automatic stay in serial filing cases. These subsections focus on the debtor's recent bankruptcy history. Under subsection (3), if a single or joint Chapter 7, 11 or 13 case is filed within one year of the dismissal of an earlier case, then the automatic stay in the second case will terminate by operation of law on the 30th day after the filing of the second case. 11 U.S.C. § 362(c)(3). Subsection (4) governs when the subsequent case is filed by a single or joint debtor under Chapter 7, 11 or 13 following two dismissals within the prior year. In the two-dismissal case, there is no 30-day grace period. The statute calls for immediate termination of the automatic stay. 11 U.S.C. § 362(c)(4).

Since the Debtor only had one case pending in the previous year, subsection (3) is the operative section. 11 U.S.C. section 362(c)(3) provides, in pertinent part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
>     A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
>     (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular

cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed….

The majority of courts that have addressed the issue of the scope of the termination of the stay under section 362(c)(3)(A) have determined that the stay only terminates with respect to the debtor and his property, but not property of the estate. "[T]he emerging majority view is that the termination of the automatic stay under section 362(c)(3) does not extend to actions against the property of the bankruptcy estate—rather, the stay remains in effect with respect to estate property, which, as a practical matter, encompasses the lion's share of assets in play." *Chekroun vs. Weil (In re Weil),* 2013 WL 1798898 at *3 (D. Conn. April 29, 2013). *See In re Witkowski*, 523 B.R. 291 (B.A.P. 1st Cir. 2014) (finding no reason to deviate from the majority of courts and holding that under section 362(c)(3)(A), the automatic stay terminates as to the debtor and the debtor's property, but remains in effect as to the property of the estate); *See In re Holcomb,* 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) ("[T]he automatic stay terminates under section 362(c)(3)(A) only with respect to the debtor and the debtor's property but not as to property of the estate."); *In re Jumpp,* 356 B.R. 789, 791 (B.A.P. 1st Cir. 2006) ("The majority of courts that have considered the issue have concluded that the automatic stay does not terminate with respect to property of the estate."); *In re Jones,* 339 B.R. 360 (Bankr. E.D.N.C. 2006) (same).

Some courts, however, have concluded that the automatic stay is terminated under 362(c)(3)(A) in its entirety, i.e., the stay is terminated with respect to the debtor, debtor's property and property of the estate. *See In re Reswick,* 446 B.R. 362, 371 (B.A.P. 9th Cir. 2011) (holding that the automatic stay terminates in its entirety as of the thirtieth day); *In re Curry,* 362 B.R. 394 Bankr. N.D. Ill. 2007) (holding that section 362(c)(3)(A) terminates stay as a whole with respect to property of the estate as well as the debtor and any property of the debtor); *In re*

*Jupiter,* 344 B.R. 754, 762 (Bankr. D. S.C. 2006) ("[T]he Court finds that § 362(c)(3)(A) terminates the automatic stay as to Debtor and property of Debtor's estate. A contrary interpretation is demonstrably at odds with Congress's intent to deter bad faith, successive filings, fails to consider the context of § 362(c)(3) as a whole, and fails to account for the ambiguities in § 362(c)(3)(A).").

Although the Second Circuit has yet to address the issue, courts within this Circuit have adopted the majority view, concluding that the stay that terminates "with respect to the debtor" under section 362(c)(3)(A) applies only against the debtor and the debtor's property, while the stay against estate property remains in effect. *See Weil,* 2013 WL 1798898 (adopting majority view that section 362(c)(3) only provides for a partial termination of the stay); *In re McFeeley,* 362 B.R. 121, 125 (Bankr. D. Vt. 2007) (joining the majority of courts and holding that the stay that terminates under section 362(c)(3)(A) is the stay of actions against the debtor or property of the debtor but does not diminish the stay of actions against property of the estate); *In re Rice,* 392 B.R. 35, 38 (Bankr. W.D.N.Y. 2006) ("Although 11 U.S.C. § 362(c)(3)(A) has effected a termination of the automatic stay 'with respect to the debtor,' all other aspects of the automatic stay remain operative, including the stay of proceedings to obtain possession of estate property."). *But see, In re Wilson,* 2014 WL 183210 (Bankr. D. Conn. January 15, 2014) (disagreeing with the District Court holding in *Weil* and adopting the reasoning of the Ninth Circuit Bankruptcy Appellate Panel in *Reswick* in determining that the stay terminated in its entirety on the 30th day after the petition).[3]

The Majority View

The majority view finds that the language "with respect to the debtor" could not be any

---

[3] The *Weil* court noted that the Bankruptcy Court in *In re Rinardi*, 451 B.R. 12, 19-20 (Bankr. C.D. Cal. 2011) rejected the reasoning in *Reswick* in favor of the majority view. 2013 WL 1798898 at *4.

6

clearer. *See, Jumpp,* 356 B.R. at 796 (finding that the phrase "with respect to the debtor" is unambiguous); *Holcomb,* 380 B.R. at 815 (finding no ambiguity in the language of section 362(c)(3)(A)); *Weil,* 2013 WL 1798898 ("In my view, the majority interpretation better comports with principles of statutory construction. . . . Here, BAPCA's drafting may be inartful, and the framework labyrinthine, but section 362(c)(3)(A) is nonetheless unambiguous: barring an extension, the automatic stay only terminates "with respect to the debtor" thirty days after filing a successive petition."). Thus, courts adhering to the majority view find it clear from the plain language of section 362(c)(3)(A) that the stay that automatically terminates under that section is not the stay that protects property of the estate.

The *Jones* court recognized that the Bankruptcy Code elsewhere "differentiates between acts against the debtor, against property of the debtor and against property of the estate." 362 B.R. at 363.

> Section 362(a)(1) stays actions or proceedings "against the debtor;" § 362(a)(2) stays enforcement of a judgment "against the debtor or against property of the estate;" § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate;" § 362(a)(4) stays "any act to create, perfect, or enforce any lien against property of the estate;" § 362(a)(5) stays "any act to create, perfect, or enforce against property of the debtor any lien" to the extent it secures a prepetition claim; and § 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor. Section 362(b)(2)(B) permits collection of domestic support obligations from "property that is not property of the estate." Section 362(c) also distinguishes between the stay of acts against property of the estate and the stay of any other acts. Section 362(c)(1) provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate," and § 362(c)(2) provides for the termination of the stay of "any other act" prohibited by § 362(a).

362 B.R. at 363-64.

This distinction is likewise noted by the majority as it compares the language of section

362(c)(3)(A) with that of section 362(c)(4)(A)(i). In the 2005 Amendments, Congress added subsections (3) and (4) to provide for automatic termination of the stay in serial filing cases. Subsection (3) applies to a debtor who has filed one prior bankruptcy case in the year before the filing of his or her current case, whereas subsection (4) deals with a debtor who has filed two or more bankruptcy cases in the year before the filing of his or her current case. In the latter scenario, i.e., a subsequent case filed after two or more dismissals within the previous year, there is no 30-day stay in place as under subsection (3), rather, "the stay shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). The majority finds this difference in language critical when considering the consequences suffered by a serial filer. The debtor's past bankruptcy history is important as the consequences suffered by the debtor under subsections (3) and (4) are markedly different. *See Jumpp,* 356 B.R. at 796 ("Sections 362(c)(4)(A)(i) and 362(c)(3)(A) were both added by BAPCPA, and we are unconvinced that the significant difference in language between the two sections reveals a Congressional intent to say the very same thing. Rather, the language indicates an intent to differently penalize previous filers based on the number of previous cases.").

<u>The Minority View</u>

Courts adhering to the minority approach conclude that the phrase "with respect to the debtor" must be analyzed in the context of section 362(c)(3) as a whole. *Reswick,* 446 B.R. at 366. Using this analysis, these courts conclude that section 362(c)(3)(A) terminates the automatic stay in its entirety (i.e., with respect to the debtor, the debtor's property and property of the estate) and construe the remaining language of "with respect to the debtor" to define which debtor is effected by this provision. Because section 362(c)(3) begins by referencing either a

"single or joint case," the minority view finds that the language "with respect to the debtor" in section 362(c)(3)(A) simply distinguishes between the debtor and the debtor's spouse. *Id.*

Rather than reading "with respect to the debtor" as a distinction between *property,* the minority approach reads the phrase as a distinction regarding *persons* in the context of a single debtor as opposed to a joint case filed by a married couple. Keeping the introduction of section 362(c)(3) in mind (i.e. "if a single or joint case is filed by or against debtor ..."), the minority view reasons that the phrase "with respect to the debtor" in section 362(c)(3)(A) could be interpreted to mean that the automatic stay will terminate as to a repeat-filing debtor, but not as to the debtor's spouse who is not a repeat filer. *See Reswick,* 446 B.R. at 369-70.

Furthermore, the *Reswick* court found that by interpreting "with respect to the debtor" as distinguishing among property (i.e., the stay terminates with respect to the debtor personally and to non-estate property, but not as to estate property) renders section 362(c)(3)(A) internally inconsistent. The conflict stems from the language of section 362(c)(3)(A) which immediately precedes the phrase "with respect to the debtor." That language reads as follows: "the stay under subsection (a) with respect to *any action taken with respect to a debt or property securing debt or with respect to any lease* shall terminate with respect to the debtor ..." Reading section 362(a)(3)(A) as whole, the minority view concludes that if the phrase "with respect to the debtor" meant that the automatic stay only terminated as to the debtor personally and non-estate property, the opening clause of section 362(c)(3)(A) would be surplusage. 446 B.R. at 368. According to the minority, the majority's interpretation would render section 362(c)(3)(A) devoid of practical effect because few creditors would seek to pursue only the debtor personally, or only property of the debtor. *Id.* In chapter 13 cases, where repeat filings are most prevalent, creditors could not take action against property that the debtor owned at the time the case was

9

commenced, because it is property of the estate under section 541(a)(1), and they could not take action against property that the debtor acquired post-petition because it would also constitute property of the estate under section 1306(a). *Id. See also, Jupiter,* 344 B.R. at 762 ("If section 362(c)(3)(A) merely allowed creditors to badger the debtor with phone calls or obtain property of the debtor that is not property of the estate, then this section would be of no value. A creditor's threat to collect would be hollow if the stay remained as to property of the estate because § 1306 broadly incorporates nearly all of a debtor's valuable pre-and post-petition property.").

Noting that automatic termination of the stay under subsection (3) was added by the 2005 Amendments to deter abusive serial filings[4], the minority courts find support for their view in the legislative history. *See, Jupiter,* 344 B.R. at 761 ("The legislative history supports this Court's interpretation of section 362(c)(3)(A) because it is evident that the intent of the drafters was to terminate all protections of the automatic stay under this new subsection."). To construe section 362(c)(3)(A) as automatic termination of the stay on the 30th day after the bankruptcy filing as against the debtor and property of the debtor, but not as against property of the estate, would not serve to combat abusive serial filings because there are few situations in which a creditor would take action against a debtor or non-estate property. *Reswick.* 446 B.R. at 373. The abusive serial filer would not suffer the adverse consequence of losing the benefit of the automatic stay as to property of the estate, thus enabling the debtor to frustrate creditor collection activity, e.g., staying for a second time the continuation of state law remedies to foreclose on property of the estate. *See, Jupiter*, 344 B.R. at 762 ("Congress clearly intended to make it more difficult for those debtors who engage in bad faith, successive filings in order to discourage such debtors

---

[4] H.R. Rep. No. 109-31 (pt.1), 109th Cong., 1st Sess., at 69 (2005).

from seeking relief in bankruptcy and to enjoy the protections afforded by Title 11.").

Application to the Present Case

The Court recognizes that the exercise of statutory interpretation presents a close question and, at first blush, the minority view has some appeal given the objective of the 2005 Amendments to combat abusive serial filings under sections 362(c)(3) and (4). However, this Court finds the majority view persuasive and the better reasoned approach to reading the statute as written and determining the scope of termination of the automatic stay under section 362(c)(3)(A). The majority reading of section 362(c)(3)(A) applies the plain meaning of the statutory language. If Congress intended that the stay under section 362(c)(3)(A) terminate on the 30th day after commencement of the bankruptcy case with respect to property of the estate, it would have said so.  It did not. The "first step in interpreting a statute is to determine whether the language at issue had a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v Shell Oil Co.*, 519 U.S. 337, 340 (1997).   The statutory language at issue in the matter before the Court is clear, plain and unambiguous.  As the Supreme Court has observed, "[o]ur inquiry must cease if the statutory language is unambiguous and the 'statutory scheme is coherent and consistent.'"  *Robinson*, 519 U.S. at 340. *See Connecticut Nat'l Bank v Germain,* 503 U.S. 253-54 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others.  We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. . . . When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'").

In this case, the Court believes the inquiry is complete. Termination of the automatic stay under section 362(c)(3) does not extend to actions against property of the estate. To find

11

otherwise would require the Court to ignore the plain text of the statute. Accordingly, this Court joins the majority of courts in holding that termination of the automatic stay under section 362(c)(3) does not extend to actions against property of the bankruptcy estate – rather, the stay remains in effect with respect to estate property. Thus, the stay in this case terminated by operation of law on April 15, 2015 with respect to the Debtor and his property, but did not terminate as to property of the estate.

## CONCLUSION

For the foregoing reasons, the Motion is denied. The automatic stay in this case terminated on April 15, 2015 under section 362(c)(3)(A) with respect to the Debtor and his property, and will not be re-imposed, continued or extended. However, the Court finds that the automatic stay did not terminate as to property of the estate. Accordingly, the Court holds that any actions against property of the estate remain subject to the automatic stay under section 362(a).



**Dated: August 3, 2015**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**